# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tarease K. Roseborough,<br><br>*Debtor*. | Case No. 25-10391-amc<br>Chapter 13 |

## Motion for Turnover of Repossessed Vehicle

**AND NOW**, Debtor Tarease K. Roseborough, through his attorney, moves this Court for an Order directing Police and Fire Federal Credit Union (the "Creditor") to turn over possession of Debtor's vehicle, and in support thereof states as follows:

1. The Debtor filed a petition for relief under chapter 13 on January 30, 2025.

2. On or about November 1, 2022, the Debtor entered into a retail installment contract for the purchase of a 2022 Toyota RAV4, VIN 2T3P1RFV8NW322777 (the "Vehicle"). The contract was assigned to the Creditor, and the Debtor remains indebted under its terms.

3. The Vehicle is properly insured through Progressive Advanced Insurance Co. through February 27, 2025, and such insurance will be renewed thereafter.

4. Prior to the filing of the petition, Creditor repossessed the Vehicle due to payment default.

5. The Debtor has filed a chapter 13 plan that proposes to cure the default on the Vehicle loan, and the Debtor will amend the plan as necessary when the Creditor files its proof of claim.

6. As of February 7, 2025, the Vehicle remains in the Creditor's possession and has not been sold at auction or otherwise disposed of.

7. When this case was filed, the Vehicle became property of the Debtor's bankruptcy estate.

8. Pursuant to 11 U.S.C. § 542(a), an entity in possession of property of the estate must deliver such property to the trustee or debtor unless the property is of inconsequential value or benefit to the estate.

9. The Vehicle is necessary for Debtor's reorganization efforts and the successful execution of his chapter 13 plan, as it is essential for transportation to work and other daily necessities.

10. The automatic stay under 11 U.S.C. § 362 prohibits the Creditor from taking any further action to dispose of the Vehicle and mandates its return to the Debtor upon the filing of this case.

11. Despite notice of the bankruptcy filing, Creditor has yet to voluntarily return the Vehicle, thereby impeding Debtor's ability to comply with the obligations of the chapter 13 plan.

12. The Debtor requests that the Court order the Creditor to return possession of the vehicle to the Debtor.

For those reasons, the Court must enter relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: February 7, 2025                                SADEK LAW OFFICES, LLC
                                                     *Attorney for Debtor*

                                                     By: /s/ Brad J. Sadek, Esq.
                                                         Brad J. Sadek, Esq.
                                                         1500 JFK Boulevard, Suite 220
                                                         Philadelphia, PA 19102
                                                         215-545-0008
                                                         brad@sadeklaw.com

## Certificate of Service

I certify that on this date, I did cause a copy of this document and all attachments to be electronically served on all parties on the Clerk's service list that are registered to receive notices through the CM/ECF system. I did not serve anyone by mail.

Date: February 7, 2025                                /s/ Brad J. Sadek
                                                     Brad J. Sadek