**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : |
| | : Chapter 13 |
| Tarease K. Roseborough, | : |
| | : Case No. 25-10391 (AMC) |
| Debtor. | : |
| | : |

**OBJECTION OF POLICE AND FIRE FEDERAL CREDIT UNION TO DEBTOR'S MOTION FOR TURNOVER OF REPOSSESSED VEHICLE AND REQUEST FOR ADEQUATE PROTECTION**

Police and Fire Federal Credit Union ("PFFCU"), by its undersigned counsel, files this objection to the Debtor's Motion for Turnover (the "Motion"), requests adequate protection of its interests, and states as follows:

**BACKGROUND**

1. On January 30, 2025 (the "Petition Date"), Tarease K. Roseborough (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

2. The day before the Petition Date, on January 29, 2025, PFFCU repossessed the Debtor's 2022 Toyota Rav-4 due to the Debtor's failure to make weekly payments for eight weeks, plus a partial payment of the payment that was due November 28, 2024.

3. The Debtor's vehicle is security for motor vehicle financing provided by PFFCU to the Debtor on November 4, 2022 and the Debtor's payment obligations are $179.17 per week, to coincide with his compensation schedule with his employer.

4. Pursuant to the information available on the docket in the Debtor's bankruptcy case, the Debtor has negative disposable income. He is proposing in his plan to pay his post-petition obligations to PFFCU outside of the plan and arrears in the amount of $1,500 inside the plan, with a dividend of $1,185.01 being paid pro rata to unsecured creditors.

1

5.  On January 30, 2025, the Debtor contacted PFFCU requesting turnover of his vehicle.

6.  That same day, PFFCU, through counsel, reached out to Debtor's counsel requesting adequate protection in exchange for turnover, inquiring whether the Debtor could pay the repossession and storage fees to pick up the vehicle, and noting that the arrears, as of the Petition Date, were $2,455.19, inclusive of repossession and storage fees.

7.  More than a week later, on February 7, 2025, Debtor's counsel responded to PFFCU's adequate protection inquiry with a counter-proposal to simply wrap everything into an amended plan and provide minimum, pre-confirmation disbursements, acknowledging that the Debtor has negative disposable income.

8.  PFFCU's concern with this approach is that the Debtor's first payment to the Chapter 13 Trustee is not due for several more weeks and the Debtor admittedly has negative disposable income. The Debtor's Chapter 13 case was filed immediately following the repossession of his vehicle by PFFCU and the proposed Chapter 13 plan has insufficient funding to pay prepetition amounts owed to PFFCU, even if the full disbursement designated for unsecured creditors is also paid to PFFCU.

9.  Moreover, the Debtor's first post-petition payment to PFFCU was due February 6, 2025 and was not made.

10. PFFCU is concerned that the Debtor's plan is not feasible. The Debtor has no disposable income with which to fund his plan and also make ongoing post-petition payments. And the Debtor's proposed "adequate protection" is merely a promise to pay something in the future that he does not appear to have the means to pay, in exchange for PFFCU giving up its possessory interest in the vehicle.

**OBJECTION**

11. In the Motion, the Debtors seek authority to have the vehicle immediately turned over to him in exchange for no consideration or protection other than a promise that he will somehow make payments to the Chapter 13 Trustee, when the time comes, to fund his proposed plan (which must be amended to reflect the correct amount owed to PFFCU prepetition) and will agree to PFFCU receiving payments from the trustee prior to plan confirmation.

12. Not only is there no indication that the Debtor has the ability to make the proposed payments to the Chapter 13 Trustee, but the Debtor has already missed his first weekly payment due post-petition to PFFCU.

13. The Motion should be denied, absent the Debtor providing adequate protection to PFFCU.

**REQUEST FOR ADEQUATE PROTECTION**

14. PFFCU is entitled to adequate protection of its security interest in the vehicle. It does not oppose relinquishing possession of the vehicle in exchange for meaningful adequate protection.

15. At a minimum, the Debtor must be required to make his post-petition payments as they come due – including the payment that was due February 6, 2025 - and demonstrate an ability to make payments to the Chapter 13 Trustee as proposed in his Chapter 13 plan.

16. Pursuant to Section 361 of the Bankruptcy Code, adequate protection may be provided by:

    (1) making periodic cash payments to the extent that a creditor's interest in the collateral decreases in value;

    (2) providing additional or replacement liens to the extent of such decrease in value; or

(3) granting such other relief as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

See also U. S. Savings Assn. of Texas v. Timbers of Inwood Forest Assn., Ltd, 484 U.S. 365, 378 (1988) (same); In re Swedeland Development Group, Inc., 16 F.3d 552 (3rd Cir. 1995) (same).

17. PFFCU does not oppose turnover of the vehicle to the Debtor so long as its security interest in that vehicle is adequately protected by ongoing post-petition payments and preconfirmation disbursements toward curing the Debtor's prepetition arrears, including the repossession and storage fees.

18. Unless the Debtor can show a present ability to make the required payments, PFFCU's interests are not adequately protected and PFFCU should not be required to relinquish possession of the vehicle.

19. PFFCU will continue to work with Debtor's counsel to resolve this matter in advance of a hearing.

**WHEREFORE**, for the foregoing reasons, PFFCU respectfully requests that this Court deny the Motion to the extent that the Debtor seeks turnover of the vehicle without providing PFFCU with realistic adequate protection of its security interest in the vehicle, such as making timely post-petition payments as they come due and preconfirmation disbursements toward esolution of the full amount of the prepetition arrears.

Dated:  February 7, 2025      /s/ Anne M. Aaronson
　　　　　　　　　　　　　　Anne M. Aaronson
　　　　　　　　　　　　　　DILWORTH PAXSON LLP
　　　　　　　　　　　　　　1650 Market Street, Suite 1200
　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　Phone: (215) 575-7000
　　　　　　　　　　　　　　Fax: (215) 575-7200
　　　　　　　　　　　　　　*Attorneys for Police and Fire Federal Credit Union*