**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Tarease K. Roseborough,<br><br><br>Debtor. | : Chapter 13<br>:<br>: Case No. 25-10391 (AMC)<br>:<br>:<br>:<br>:<br>: |

**STIPULATION RESOLVING DEBTOR'S MOTION FOR TURNOVER AND REQUEST OF POLICE AND FIRE FEDERAL CREDIT UNION FOR ADEQUATE PROTECTION**

WHEREAS, on January 30, 2025 (the "Petition Date"), Tarease K. Roseborough (the "Debtor") filed an individual voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

WHEREAS, prior to the Petition Date, the Debtor was an owner of a 2022 Toyota Rav 4, VIN# 2T3P1RFV8NW322777 (the "Vehicle"), with respect to which the Debtor is indebted to PFFCU pursuant to a loan agreement dated October 29, 2022 (the "Loan Agreement");

WHEREAS, the last weekly payment received by PFFCU pursuant to the Loan Agreement was a partial payment made by the Debtor for November 28, 2024, prior to the Petition Date;

WHEREAS, on January 29, 2025, PFFCU repossessed the Vehicle due to the Debtor's failure to make his weekly payments for more than eight weeks;

WHEREAS, on January 30, 2025, the Debtor initiated this Chapter 13 case and requested turnover of the Vehicle from PFFCU;

WHEREAS, on January 30, 2025, PFFCU requested adequate protection of its interests from the Debtor in exchange for turnover of the Vehicle;

#124858871v2

WHEREAS, on February 7, 2025, the Debtor responded to PFFCU's request for adequate protection and also filed a Motion for Turnover of the Vehicle;

WHEREAS, on February 7, 2025, PFFCU filed its objection to the Motion for Turnover and requested adequate protection of its interests in exchange for turnover of the Vehicle and the Debtor responded thereto the same day;

WHEREAS, to avoid the costs associated with litigating the Debtor's Motion for Turnover and PFFCU's request for adequate protection, the Parties have agreed to stipulate to preconfirmation adequate protection payments being made to PFFCU and an amended Chapter 13 plan to be filed by the Debtor on the terms set forth herein.

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed as follows:

1. The Debtor shall amend his proposed Chapter 13 plan to provide for payment of the full amount of prepetition arrears owed to PFFCU, plus late fees and repossession and storage fees totaling $2,634.09 and shall pay the balance owed under the Loan Agreement after payment of the amount set forth in paragraph 2 below through his amended Chapter 13 Plan.

2. The Debtor shall pay to PFFCU the total of $358.34, representing the post-petition payments that have come due for February 6, 2025 and February 13, 2025 and, upon its receipt thereof, PFFCU shall provide the Debtor with release instructions to retrieve the Vehicle.

3. The Debtor and PFFCU agree that PFFCU shall receive a pre-confirmation distribution in the amount of $50.00 per month, retroactive to the Petition Date, from the amounts paid by the Debtor to the Chapter 13 Trustee retroactive to the Petition Date, and continuing until the Debtor's Chapter 13 Plan, as amended, is confirmed.

4. Following confirmation of the Plan, distributions shall be made to PFFCU as provided in the confirmed Plan.

5. Each of the signatories to this Stipulation acknowledges and represents that his or her respective client has reviewed this Stipulation and has authorized the execution of same by undersigned counsel.

6. If the instant bankruptcy case is terminated by either dismissal, conversion or discharge other than pursuant to 11 U.S.C. § 1328(a), this Stipulation shall be null and void and not binding upon the Parties and the Parties shall be returned to their respective positions prior to the execution of this Stipulation.

7. This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed originals.

CONSENTED TO BY:        DILWORTH PAXSON LLP

DATED: February 14, 2025        */s/ Anne M. Aaronson*
Anne M. Aaronson, Esquire
*Attorney for PFFCU*

CONSENTED TO BY:        SADEK LAW OFFICES LLC

DATED: February 14, 2025        */s/ Michael I. Assad*
Michael I. Assad, Esquire
*Attorney for Debtor*

#124858871v2

WITHOUT OBJECTION TO
TERMS, WITHOUT PREJUDICE
TO CHAPTER 13 TRUSTEE'S
RIGHTS AND REMEDIES:

                            KENNETH E. WEST, Chapter 13 Trustee

DATED: February 18, 2025      /s/ Jack Miller
                                    Jack Miller for
                                    Kenneth E. West, Trustee

SO ORDERED

ENTERED ON February __, 2025   _____
                                              Hon. Ashely M. Chan
                                              United States Bankruptcy Judge

#124858871v2